United States District Court
Southern District of Texas
**ENTERED**
June 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH JARAMILLO REYES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-01386 |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

On February 23, 2026, the Court ordered Respondents to notify the Court of any anticipated or planned transfer of Petitioner outside the Southern District of Texas at least five (5) days before any such transfer. Doc. #5 at 2. On May 28, 2026, the Court granted the Petition for Writ of Habeas Corpus. Doc. #11. Respondents now report that Petitioner was granted post-conclusion voluntary departure on May 11, 2026, and that ICE facilitated Petitioner's departure from the United States on May 20, 2026. Doc. #13, Ex, 1. Respondents failed to notify the Court of Petitioner's departure as required by the February 23rd Order.

Effective judicial oversight of habeas proceedings depends upon timely notice of material changes in a petitioner's custody status. *See Nelson v. Clinton*, No. CIV.A. H-10-0058, 2010 WL 5342822, at *4 (S.D. Tex. Dec. 21, 2010) ("The importance of a habeas petitioner's custody status cannot be minimized."). Respondents possess near-exclusive access to such information while a petitioner remains in their custody. The Court's February 23rd Order was intended to encompass all material custody developments, including Petitioner's departure from the United States. *See* Doc. #5 at 2. Although the Court declines to impose sanctions, Respondents are expected to comply with all future notification orders according to their plain purpose.

The Court is also concerned with Respondents' characterization of Petitioner's departure as "voluntary." *See* Doc. #13. The choice between continued immigration detention and departure from the United States exists within an inherently coercive framework. A choice made under the shadow of continued detention, particularly detention of uncertain duration, is not a choice exercised under ordinary circumstances. The pressures inherent in confinement bear directly upon a petitioner's practical ability to decide freely whether to remain in the country and pursue legal relief or to abandon available legal relief in favor of release from custody. Accordingly, the Court does not regard the label "voluntary" as conclusively resolving the nature of Petitioner's departure from the United States.

Finally, because Petitioner departed the United States on May 20, 2026, eight days before the Court issued its May 28th Order, the Court could no longer grant effective habeas relief. *See Anh Nguyen v. Sessions*, No. 4:18-CV-2423, 2019 WL 2539891, at *1 (S.D. Tex. June 19, 2019) ("Nguyen's petition challenges only his continued detention, his release from custody leaves nothing for this Court to remedy."). Therefore, the Court concludes that this action became moot before entry of its May 28th Order and vacatur is appropriate.

For the foregoing reasons, the Court's Order granting the Petition for Writ of Habeas Corpus (Doc. #11) is VACATED. This action is DISMISSED as MOOT. Respondents are DIRECTED to comply with all future notification and reporting requirements regarding petitioners' departures from the United States. The Court will enter a separate final judgment.

It is so ORDERED.

JUN 0 3 2026

_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

2